IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BLUEWHALE INVESTMENT GROUP, LLC | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-03186 |
| | § § | |
| ACCREDITED SURETY AND CASUALTY COMPANY INC., | § § | |
| *Defendant.* | § § | |

**DEFENDANT ACCREDITED SURETY AND CASUALTY COMPANY, INC.'S
MOTION TO STRIKE PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES**

Defendant Accredited Surety and Casualty Company, Inc. ("Defendant") files this Motion to Strike Plaintiff's Claim for Attorneys' Fees pursuant to §§ 542A.003(b)(2) and 542A.007(d) of the Texas Insurance Code, and in support states as follows:

**I.    SUMMARY OF MOTION**

1.    Plaintiff Bluewhale Investment Group, LLC ("Plaintiff") failed to provide Defendant proper notice of its claims in the manner prescribed by Texas Insurance Code and the Texas Deceptive Trade Practices Act. In its Original Answer, Defendant timely pleaded that it was entitled to (but was not given) sufficient, statutorily-required presuit notice of Plaintiff's claims at least 61 days before Plaintiff commenced this action. Dkt. No. 8 at ¶¶ 14, 37–39. Accordingly, under the plain language of Texas Insurance Code § 542A.007(d), Plaintiff may not recover any attorneys' fees incurred after July 22, 2022, and Defendant respectfully moves this Court for an order to that effect.

1

## II.    FACTUAL BACKGROUND

2.      According to Plaintiff's Original Complaint, on or about July 8, 2024, Plaintiff's property sustained storm damage as a result of Hurricane Beryl. Dkt. No. 1. Plaintiff then made a claim to Defendant for insurance proceeds related to this alleged damage, under insurance policy number 1ABPTX05134997400 issued by Defendant to Plaintiff for policy period from August 31, 2023 to August 31, 2024. *Id.* Plaintiff's claim to Defendant was assigned claim number ABPAC24090106 (the "Claim"), and, following an investigation by Defendant, was ultimately denied because Plaintiff's alleged damage was not covered under the terms of the Accredited Policy. Dkt. No. 8.

3.      In its Original Complaint, Plaintiff claims that it "satisfied all conditions precedent to recovery…and for causes of action." Dkt. No. 1, ¶14. However, Plaintiff failed to provide proper pre-suit notice.

4.      Plaintiff sent a letter to Defendant on April 2, 2025 titled "Notice of Intent to Initiate Litigation" (hereinafter "Plaintiff's Letter"). *See* Exhibit A. However, Plaintiff's Letter failed to constitute the requisite statutory notice and demand under the Texas Insurance Code § 542A.003.

5.      In an abundance of caution, and to advise Plaintiff that its alleged demand letter was deficient pursuant to the Texas Insurance Code, Defendant issued a letter in response, dated June 2, 2025, detailing, among other things, the deficiencies within Plaintiff's Letter. *See* Exhibit B.

6.      Nevertheless, Plaintiff filed suit against Defendant in this Court on July 9, 2025, alleging claims of breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the Duty of Good Faith and Fair Dealing. Dkt. No. 1.

7.      Defendant filed its Original Answer specifically addressing the allegations of Plaintiff and asserting that Plaintiff did not provide sufficient statutory notice under Texas Insurance Code § 542A003(b)(2), or any other pertinent statute.

### III.      ARGUMENTS & AUTHORITIES

#### A.  Requirements under the Texas Insurance Code.

8.      Plaintiff's lawsuit is governed by Chapter 542A of the Texas Insurance Code, which applies to actions on first-party insurance claims arising from alleged damage to covered property caused by "forces of nature," such as "a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm." Tex. Ins. Code § 542A.001(2).

9.      Chapter 542A applies to all actions against insurers or their agents, including "(1) an action alleging breach of contract; (2) an action alleging negligence, misrepresentation, fraud, or breach of a common law duty; or (3) an action brought under (A) Subchapter D, Chapter 541[of the Texas Insurance Code]; (B) Subchapter B, Chapter 542 [of the Texas Insurance Code]; or (C) Subchapter E, Chapter 17, Business & Commerce Code." Tex. Ins. Code § 542A.002(a).

10.     Texas Insurance Code § 542A.003 requires a claimant seeking damages against an insurer to give written notice "not later than the 61st day before the date a claimant files an action . . .." Tex. Ins. Code § 542A.003(a). The notice required by § 542A.003 must include (among other information) (1) a statement of facts or omissions giving rise to the claim, (2) the specific amount alleged to be owed as damages, and (3) the amount of reasonable and necessary attorneys' fees incurred as of the date of the notice. Tex. Ins. Code § 542A.003(b).

11.     The purpose behind Chapter 542A's presuit notice requirement is to "'discourage litigation and encourage settlements of consumer complaints' by allowing the insurer the opportunity to make a settlement offer prior to the filing of suit." *PMG Int'l, Ltd. v. Travelers*

3

*Indem. Co. of Am.*, 2020 WL 1164116, *1 (W.D. Tex. Mar. 11, 2020) (quoting *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992)); *see In re Behr*, 2006 WL 468001, *3 (Tex. App.—San Antonio 2006, no pet.) (holding that, "without presuit notice," a defendant "is denied his right to limit his damage exposure through an offer of settlement, as contemplated by sections 541.156–541.159 of the Insurance Code."). Thus, in accordance with the statute, courts bar a plaintiff's claim for attorneys' fees when a plaintiff fails to provide proper presuit notice under Chapter 542A. *See, e.g., Gateway Plaza Condo v. Travelers Indem. Co. of Am.*, 2019 WL 7187249, *1–3 (N.D. Tex. Dec. 23, 2019) (striking claim for attorney's fees for failing to comply with mandatory 61-day presuit notice); *Nexxt Holding, Inc. v. Travelers Cas. Ins. Co. of Am.*, 2020 WL 5702095 (S.D. Tex. Sept. 24, 2020) (granting motion to preclude attorney's fees on the basis plaintiff failed to provide 61-days' notice pursuant to Tex. Ins. Code § 542A.003(b)(2)); *PMG Int'l, Ltd.*, 2020 WL 1164116 at *1-2 (same); *J.P. Columbus Warehousing, Inc.* v. *United Fire and Cas. Co.,* No. 5:18-cv-00100, 2019 WL 453378, *6 (S.D. Tex. Jan. 15, 2019) (same), *adopted by* 2019 WL 450681 (Feb. 4, 2019) (citing *Hash,* 843 S.W.2d at 469).

12.     A defendant that does not receive presuit notice meeting the requirements of Section 542A.003(b)(2) may plead and prove that it did not receive said notice. Tex. Ins. Code § 542A.007(d). If a defendant files such a pleading and subsequently proves it did not receive the presuit notice required by Section 542A.003(b)(2) at least sixty-one days before Plaintiff's commencement of suit, "the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court." *Id.* "In other words, the claimant is precluded from receiving its attorneys' fees after the date in which the defendant-insurer pleads and proves it did not receive the required pre-suit notice." *NewcrestImage Holdings, LLC v.*

4

*Travelers Lloyds Ins. Co.*, No. 2:23-CV-039-BR, 2023 WL 6849999, at *4 (N.D. Tex. Oct. 17, 2023).

**B. Plaintiff's Letter fails to provide sufficient pre-suit notice pursuant to the Texas Insurance Code.**

13.     Here, Plaintiff's Letter is deficient because it does not include a statement of Defendant's alleged acts or omissions giving rise to Plaintiff's claims. Plaintiff's Letter is only one page in length and seven sentences long. While it claims it is to serve as "notice of the Insured(s) intent to initiate litigation" pursuant to Tex. Ins. Code § 542A.003, it is nothing but a mere disagreement with Defendant's denial of Plaintiff's Claim. Plaintiff's letter is recited in its entirety as follows:

> Please be advised the undersigned law firm has been retained to represent the above named Insured(s)/Client(s) with regard to the Hurricane sustained on **7/8/2024**, to the property located at **2205 Williams Trace Boulevard Sugar Land, TX 77478** ("Claim"). On October 30, 2024, Accredited Surety and Casualty Company, Inc. issued its decision to reject and deny the Claim. Insured(s) disagree with this decision, and to date have not been able to resolve it with you.
>
> Pursuant to Tex. Ins. Code § 542A.003, this letter serves as notice of the Insured(s) intent to initiate litigation against Accredited Surety and Casualty Company, Inc.. As of the date of this notice, Accredited Surety and Casualty Company, Inc. owes the Insured(s) $316,799.20 for the Claim. In addition, the undersigned has incurred $5,000.00 in fees that were reasonable and necessary. We reserve the right to adjust these amounts to conform to the information and evidence that may be available to us at the time of trial if litigation becomes necessary.
>
> Should you not pay the full of the demand, within the next sixty-one (61) days, we will proceed to file a lawsuit against you.
>
> A copy of this letter has also been provided to the Client(s). Nothing herein is intended to act as a waiver or relinquishment of the Insured(s) rights or remedies, which are expressly reserved.

Ex. B. Plaintiff's Letter does nothing but reference the Claim and advise that it would be filing suit within 61 days if Defendant did not issue payment to Plaintiff totaling $321,799.20. The Southern District of Texas has held that "subjective, conclusory allegation[s] [do] not furnish the factual

5

detail that meets the Texas Insurance Code's requirements of a "specific complaint." *Corona v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV.A. H-10-1651, 2010 WL 2636119, at *1 (S.D. Tex. June 29, 2010). In *Corona,* the Southern District of Texas found that the below passage in the pre-suit notice letter in question failed to provide the defendant-insurer the required specific information supporting the plaintiffs' causes of action under the Texas Insurance Code:

> *Brice Andrew Rutledge adjusted the claim. Specifically, Mr. Rutledge appeared uninterested in helping Mr. and Mrs. Corona assess their damage or resolve their claim. Moreover, Mr. Rutledge's report failed to include all of Mr. and Mrs. Corona's Hurricane Ike related damages. As a result, Mr. and Mrs. Corona were significantly underpaid on their claim.*

*Id.* The above sentence arguably contains more specific allegations than is present in Plaintiff's Letter with respect to Accredited's alleged violations of the Texas Insurance Code, and yet it still failed to meet the specificity requirement under the Texas Insurance Code.

14.     The Southern District of Texas's opinion in *Nichols v. Nationwide Prop. & Cas. Ins. Co.,* No. CIV. A. H-10-0824, 2010 WL 1576694 (S.D. Tex. Apr. 20, 2010) is even more instructive. There, the court explained as follows:

> The Nicholses' March 26, 2010 notice letter to Nationwide contains no factual information about the cause of action. (Docket Entry No. 7, Ex. A). The letter is very general. It states that the Nicholses did not receive full payment under the insurance policy and that Nationwide and its adjuster, Roberts, were liable for "[m]isrepresenting and/or failing to discuss with Mr. and Mrs. Nichols pertinent facts or policy provisions relating to coverage as an issue"; for "[f]ailing to acknowledge with reasonable promptness, pertinent communications with respect to the claim arising under its policy"; "[f]ailing to adopt reasonable standards for prompt investigation of the claim arising under its policy"; "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlement of the claim submitted in which liability has become reasonably clear"; "[f]ailing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law for denial of the claim or for the offer of a compromise settlement"; "[f]ailing to affirm or deny coverage of claim to a policyholder within a reasonable time after proof of loss statements have been completed"; and "[r]efusing to pay the claims without conducting a reasonable

6

investigation based upon all available information." (*Id.*). The letter parroted the Texas Insurance Code violations. Although it did identify the damages sought- $315,994.00 in economic damages, $50,000 in mental anguish damages, and $126,397.00 in expenses and attorneys' fees-the letter did not identify the basis for those damages. The letter was not sufficient notice under Section 541.154(b) of the Texas Insurance Code and did not trigger the 60-day abatement period.

*Nichols v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV. A. H-10-0824, 2010 WL 1576694, at *2 (S.D. Tex. Apr. 20, 2010) (emphasis added). Again, the allegations within the pre-suit notice letter in *Nichols* contained many more arguments and factual references than what is present in Plaintiff's Letter, and the Southern District of Texas still found that it failed to provide sufficient notice pursuant to the Texas Insurance Code.

15. Here, Plaintiff's Letter does not contain any information specifying what acts or omissions committed by or on behalf of Defendant give rise to Plaintiff's claims or what disagreements Plaintiff has with Defendant's adjustment of the Claim, nor does it enumerate *any* provisions of the Texas Insurance Code which Plaintiff claims that Defendant has violated.[1] In other words, Plaintiff's Letter does not even attempt to give Defendant an opportunity to make a settlement offer prior to the filing of suit, as Defendant has not been provided with any "specificity of what the shortcoming has been in the claims process." *Corona,* 2010 WL 2636119, at *2. Plaintiff's Letter suggests an intent to manufacture a dispute rather than resolve one.

16. Therefore, Plaintiff filed suit against Defendant on July 9, 2022, without providing Defendant presuit notice as required by Section 542A.003(b)(2) of the Texas Insurance Code, and under the plain language of Section 542A.007(d) of the Texas Insurance Code, this Court may not award Plaintiff any attorneys' fees incurred after the date on which Defendant filed its Answer in this action. Tex. Ins. Code § 542A.007(d).

---

[1] Plaintiff's Letter does not even mention the Texas Deceptive Trade Practices *at all*, which is addressed further below.

7

17.    Defendant's Motion is timely, as it is filed no later than the 30th day after Defendant filed its Answer to Plaintiff's Original Complaint in this Court, where the action is pending. *See* Tex. Ins. Code § 542A.007(d). Further, Defendant's Answer to Plaintiff's Original Petition, filed on August 11, 2025, affirmatively pleads that Defendant was entitled to presuit notice meeting the requirements of Section 542A.003(b)(2) at least sixty-one days before Plaintiff commenced suit. *See* Dkt. No. 8. Indeed, Defendant's live Answer specifically pleads that Chapter 542A of the Texas Insurance Code applies to Plaintiff's lawsuit, and that Plaintiff failed to provide proper pre-suit notice under any applicable statute, including Chapters 541, 542 and 542A of the Texas Insurance Code, as well as Chapter 38.001 of the Texas Civil Practice & Remedies Code. Dkt. No. 8, ¶38.

18.    Because Plaintiff failed to provide the statutorily required notice of its claims, § 542A.007(d) of the Texas Insurance Code precludes Plaintiff from recovering any attorneys' fees incurred after the date on which Defendant filed its Original Answer in this action and affirmatively invoked the statute's provision(s) limiting any award of attorneys' fees in this matter.

19.    Further, Plaintiff has not pleaded or otherwise established any impracticability with respect to providing proper notice, as envisioned by Texas Insurance Code § 542A.003(d). *See Tadeo*, 2020 WL 4284710 at *8 ("A finding of impracticability…ought to be reserved for those instances in which presuit notice genuinely cannot be provided."); *Vuong Huyn Corp.*, 2020 WL 6992868 at *2–3 (denying insured's claim for attorneys' fees where insured did not provide requisite 61-days' notice and "failed to plead sufficient facts to avail itself of the statute of limitations exception"); *Nexxt Holding*, 2020 WL 5702095 at *1 (rejecting insured's claim of "impracticability" where record showed that insured had ample time to submit presuit notice to insurer).

8

**C. Plaintiff also failed to provide pre-suit notice pursuant to the Deceptive Trade Practices Act.**

20.     Plaintiff's Original Complaint includes claims under Section 17.50 of the Texas Deceptive Trade Practices Act. *See* Dkt. No. 1, ¶¶ 30–36. However, Plaintiff's Letter does not even merely *mention* the Deceptive Trade Practices Act at all. Under the Deceptive Trade Practices Act, as "a prerequisite to filing a suit seeking damages, a consumer must give written notice to the defendant at least 60 days before filing the suit advising the defendant in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses including attorney's fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant." Tex. Bus. & Com. Code § 17.505.

21.     Plaintiff's Letter, albeit deficient with respect to the Texas Insurance Code, only states that it is being provided "[p]ursuant to Tex. Ins. Code § 542A.003." However, even if Plaintiff would have provided proper notice under the Texas Insurance Code, it is still required to provide notice pursuant to the Deceptive Trade Practices Act. The Texas Insurance Code provides that a "claimant who gives notice in accordance with this chapter is not relieved of the obligation to give notice under any other applicable law. Notice given under this chapter may be combined with notice given under any other law." Tex. Ins. Code § 542A.003(f). Accordingly, Plaintiff has also failed to provide proper presuit notice to the Deceptive Trade Practices Act.

## IV.     CONCLUSION

22.     For the foregoing reasons, Defendant Accredited Surety and Casualty Company, Inc. respectfully requests that this Court enter an order precluding Plaintiff Bluewhale Investment Group, LLC's recovery of attorneys' fees incurred after August 11, 2025, in accordance with the provisions of Chapter 542A of the Texas Insurance Code, and for such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

SHACKELFORD, MCKINLEY, & NORTON LLP

By: /s/ Bruce R. Wilkin                    .
**Bruce R. Wilkin**
SDTX Bar No. 641898
bwilkin@shackelford.law
**Connor Raborn**
SDTX Bar No. 3868582
craborn@shackelford.law
717 Texas Avenue, 27th Floor
Houston, Texas 77002
Phone: (832) 415-1801
Fax: (832) 565-9030

ATTORNEYS FOR DEFENDANT ACCREDITED SURETY
AND CASUALTY COMPANY INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify a copy of the foregoing was filed with the Clerk of Court and served on all parties and counsel of record using the CM/ECF system on September 10, 2025.

The Lawgical Firm                                          *Via electronic service*
Erik Walker
Brandon Arrow
2929 Allen Parkway, Suite 200
Houston, Texas 77019
(832) 871-5995 (Main)
(512) 309-0597 (Direct)
(407) 487-4441 (Fax)

/s/ Bruce R. Wilkin                         .
Bruce R. Wilkin

10