United States District Court
Southern District of Texas

**ENTERED**

April 28, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BLUEWHALE INVESTMENT GROUP, LLC, *Plaintiff,* | § § § § § § § § | |
| V. | § § § | CIVIL ACTION NO. 4:25-CV-3186 |
| ACCREDITED SURETY AND CASUALTY COMPANY, INC., *Defendant.* | § § § § § | |

**MEMORANDUM AND RECOMMENDATION**

This is an insurance coverage dispute. Before the Court is Defendant's Motion to Strike Plaintiff's Claim for Attorney's Fees Pursuant to Texas Insurance Code §§ 542A.003(B)(2) and 542A.007(D). ECF 9. Having reviewed the parties' submissions and the law, the Court recommends that Defendant's Moton be denied.[1]

**I.      Background**

Plaintiff alleges that its property at 2205 Williams Trace Boulevard, Sugar Land, Texas, 7478 (Property) suffered significant damage from Hurricane Beryl in July 2024. ECF 1 ¶6. The Property was insured under a policy issued by Defendant effective August 31, 2023 through August 31, 2024 (Policy). *Id*. ¶7. Plaintiff filed a claim under the Policy and on October 30, 2025, Defendant denied the claim. *Id.*

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 13.

¶10. Plaintiff alleges that Defendant conducted an "outcome driven" investigation and the denial is in bad faith. *Id*. ¶¶7, 10.

On April 2, 2025, counsel for Plaintiffs sent Defendant a Notice of Intent to Initiate Litigation (Notice). ECF 9-1. The Notice stated that it was being sent pursuant to Texas Insurance Code § 542A.003 to notify Defendant that it owed Plaintiff $316,799.20 on its claim and $5,000 in fees as of that date. *Id.* The Notice further informed Defendant that if it did not pay the full amount within 61 days, Plaintiff would file a lawsuit. *Id.* The Notice, which was sent electronically, was accompanied by a 30-page estimate of the damages incurred that were included in the claim. ECF 12-1 ¶2; ECF 12-4; ECF 12-5. Counsel for Defendant responded to the Pre-Suit Notice on June 2, 2025. ECF 9-2. The response letter stated that the Notice was deficient under § 542A.003 and also summarized the claim history and the reasons Defendant denied coverage. *Id.*

Defendant did not pay Plaintiff's demand within 61 days of April 2, 2025 and Plaintiff filed this lawsuit on July 9, 2025. ECF 1. Plaintiff's Original Complaint asserts claims for breach of contract, breach of the duty of good faith and fair dealing, unfair settlement practice and unfair or deceptive acts in violation of the Texas Insurance Code and the Deceptive Trade Practices Act (DTPA), and violation of the Texas Prompt Payment of Claims Act (TPPCA). *Id*. ¶¶ 15-39. Plaintiff seeks consequential and statutory damages, punitive damages, as well as attorney's fees

2

and costs.  Id. ¶¶ 43-47.  The current motion involves only Plaintiff's claim for attorney's fees.

## II.    Standard of Review

### A. Defendant's Motion is not a proper motion to strike.

Defendant titled its motion a Motion to Strike Plaintiff's Claim for Attorneys' Fees.  ECF 9.  The Motion does not cite the Federal Rule under which it is filed.  A Motion to Strike is governed by Federal Rule of Civil Procedure 12(f), which permits the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Plaintiff's affirmative claim for attorney's fees is not any of the things listed in Rule 12(f).  In addition, Defendants' motion cannot be construed as Motion to Dismiss under Rule 12(b)(6) or a Motion for Judgment on the Pleadings under Rule 12(c) because both sides present evidence that it beyond the scope of Plaintiff's Complaint.  *See* ECF 9 (attaching 2 exhibits) and ECF 12 (attaching 9 exhibits).  Rule 12(d) provides that "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

The Court will analyze Defendant's Motion under Rule 56 standards.  This procedure complies with Rule 12(d) because the parties have already presented the

3

relevant evidence and they will have 14 days to object to this Memorandum and Recommendation.

### B. Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the

most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

### III.   Analysis

#### A. Pre-Suit Notice Requirements Under the Texas Insurance Code

The Texas Insurance Code § 542A.003 requires an insured to give its insurer notice before filing a lawsuit:

> (a) In addition to any other notice required by law or the applicable insurance policy, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.
> (b) The notice required under this section must provide:
> (1) a statement of the acts or omissions giving rise to the claim;
> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.
> (c) If an attorney or other representative gives the notice required under this section on behalf of a claimant, the attorney or representative shall:
> (1) provide a copy of the notice to the claimant; and
> (2) include in the notice a statement that a copy of the notice was provided to the claimant.

The purpose of the notice requirement is to discourage litigation and encourage settlements. *Mount Canaan Baptist Church v. Westchester Surplus Lines Ins. Co.*, Civil Action No. 4:19-CV-00660, 2019 WL 13114309, at *3 (S.D. Tex. Aug. 14, 2019) (citation omitted).

An insurer has two remedies if an insurer fails to give the requisite notice under § 542A.003: (1) an insurer may file a plea in abatement pursuant to § 542A.005; and (2) an insurer may file a motion to limit attorney's fees under § 542A.007(d). The second remedy applies if the insurer "was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant." TEX. INS. CODE § 542A.007(d). The Texas Supreme Court interprets the "specific amount" language in § 542A.007(d) to require "only that the notice assert a specific dollar amount, not that it must provide a 'fixed and final total dollar sum' that is free from estimate and can never change." *In re Lubbock Indep. Sch. Dist.*, 700 S.W.3d 426, 427 and n.2 (Tex. 2024).

### B. Plaintiff's presuit Notice satisfies the requirement of §542A.007(d) to "state the specific amount alleged to be owed by the insurer."

It is undisputed that this case is governed by § 542A.003 and that Defendant's motion to deny fees was filed within 30 days of its answer as required by §542A.007(d). Defendant contends that Plaintiff's presuit Notice fails to comply with § 542A.003(b)(1) "because it does not include a statement of Defendant's

alleged acts or omissions giving rise to Plaintiff's claims.[2]  ECF 9 at 5.  However, Defendant did not seek abatement under § 542A.005.  Defendant is seeking a remedy under § 542A.007(d), which provides:

> (d) If a defendant in an action to which this chapter applies **pleads and proves** that the defendant was entitled to but was not given a presuit notice **stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2)** at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.

(emphasis added).  It is clear from the plain language of Section 542A.007(d) that it does not provide a remedy for a violation of § 542A.003(b)(1).  *See Mount Canaan Baptist Church*, 2019 WL 13114309, at *3 (holding "the statutory language of Section 542A.007(d) only limits attorney's fees when the presuit notice fails to comply with Section 542.003(b)(2)"); *Burke v. Liberty Mut. Ins. Co.*, No. 4:23-CV-1839, 2024 WL 197639, at *2 (S.D. Tex. Jan. 18, 2024) (holding "[o]nly compliance with Section 542A.003(b)(2)'s presuit notice of the specific amount alleged by the claimant is required under Section 542A.007(d) for the claimant to remain eligible for attorney's fees"); *Compound S., LLC v. State Auto. Mut. Ins. Co.*, No. 5:23-CV-070-H-BQ, 2024 WL 858011, at *6 (N.D. Tex. Jan. 31, 2024) (holding "there is one

---

[2] Defendant also contends that the Notice does not provide requisite notice of Plaintiff's DTPA claim, but it is entirely unclear what, if any, remedy Defendant is seeking for that alleged failure and the Court does not address it here.

construction that gives effect to every part of Chapter 542A: under § 542A.007(d), an insured need only comply with § 542A.003(b)(2), providing notice of the specific loss amount alleged, for the insured to remain eligible for attorney's fees."). *Corona v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV.A. H-10-1651, 2010 WL 2636119, at *1 (S.D. Tex. June 29, 2010) and *Nichols v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV. A. H-10-0824, 2010 WL 1576694, at *1 (S.D. Tex. Apr. 20, 2010), relied upon by Defendant (ECF 9 at 5-7) are inapposite because both involved a verified plea in abatement, not a motion to limit attorney's fees.

Here, Plaintiff's Notice clearly and unequivocally includes a statement that Defendant "owes the Insured(s) $316,799.20 for the Claim." ECF 9-1. Defendant repeatedly argues that Plaintiff's notice does not meet the requirements of § 542A.003(b)(2), but the motion conflates the separate requirements of subsections (b)(1) and (b)(2). Defendant made no attempt to explain why the Notice is not a statement of the "specific amount owed" until its Reply. Defendant's Reply argues that the Notice is deficient because the stated amount owed is not exactly the same as reflected in the estimate attached and because the stated amount owed is "meaningless because it fails to discuss the Subject Policy's coverages." ECF 14.

As the Texas Supreme Court recognized with approval, the verwhelming majority of federal court decisions hold that the statute requires only a statement of the dollar amount owed. *In re Lubbock Indep. Sch. Dist.*, 700 S.W.3d 426, 427 and

n.2 (Tex. 2024). In addition, federal district courts have noted that there is no requirement that the presuit notice explain how the specific dollar amount was derived or to defend the demand as reasonable and well-supported. *See Koncak v. Am. Sec. Ins. Co.*, No. 3:22-CV-1160-G, 2023 WL 51035, at *2 (N.D. Tex. Jan. 3, 2023) (holding that "the statute does not require reasonableness or submitting damage appraisals in pre-suit notice"); *Combs v. Allstate Texas Lloyd's*, No. 4:23-CV-02901, 2023 WL 8237268, at *2 (S.D. Tex. Nov. 27, 2023) (holding that the statute requires only "specific amount alleged to be owed," which can be an estimate based on information available at the time of writing the notice letter); *Montiel v. Allstate Vehicle & Prop. Ins. Co.*, No. 2:23-CV-186-Z-BR, 2024 WL 1184424, at *5 (N.D. Tex. Mar. 19, 2024) (agreeing with *Koncak*). Even a "vague and ambiguous" statement is sufficient as long as it is a "specific dollar amount." *Koncak*, 2023 WL 51035, at *2.

In this case, Plaintiff notified Defendant on April 2, 2025 that Defendant owed Plaintiff $316,799.20 on its claim and $5,000 in fees as of that date and did not file suit until July 9, 2025. ECF 9-1. The fact that the estimate attached to the letter varied slightly does not render Plaintiff's statement of a specific amount owed a nullity. Whether the amount stated in the notice is the amount actually owed goes to the merits of the case. The Court concludes that Defendant has failed to meet its burden to **plead and prove** that it "was not given a presuit notice **stating the specific**

9

*amount alleged to be owed by the insurer under Section 542A.003(b)(2)* at least 61days before the date the action was filed by the claimant." TEX. INS. CODE § 542A.007(d).

## IV.   Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Defendant's Motion to Strike (ECF 9) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 28, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge